IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHERYL BURTON, ON BEHALF OF )
THE HEIRS-AT-LAW OF )
ROBERT D. BRUTON, DECEASED, )
)
                              Plaintiff, )
)
v. )   Case No. 09-1024-EFM-DWB
)
CENTRAL STATES )
TRANSPORTATION, INC. and )
EDWARD J. WILEY, JR., )
)
                            Defendants. )
_____ )

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint, filed on February 15, 2010, in which Plaintiffs seek to add claims of negligence against Great West Casualty Company and GA Consultants. (Doc. 24.) While Plaintiff's motion states that defense counsel indicated "his clients were not in a position to consent to the Motion at this time," currently named Defendants did not file a response, and the time for any response has past. *See* D. Kan. Rule 6.1(d)(1) (responses to non-dispositive motions are to be filed within 14 days).

Also pending before the Court is Plaintiff's Unopposed Motion to Suspend and/or Extend Scheduling Order Deadlines Pending Addition of New Defendants.

(Doc. 25.)  No response was filed to that motion.  After a careful review of Plaintiff's submissions, the Court is prepared to rule on these two motions.

## BACKGROUND

Plaintiff filed her Complaint on February 3, 2009, alleging wrongful death of the decedent resulting from an automobile accident that occurred on October 22, 2008.  (Doc. 1.)  Defendants filed their Answer on March 6, 2009, generally denying Plaintiff's allegations of negligence.  (Doc. 5.)

The Court entered it's Scheduling Order on April 29, 2009, which included a deadline of June 30, 2009, to join additional parties or otherwise amend the pleadings.  (Doc. 7, at 6.)  Certain modifications to the Scheduling Order were made previously, granting the parties' joint requests to extend the expert deadlines.  (*See* Docs. 15, 23.)

Discovery depositions occurred on January 27, 2010, during which Plaintiff apparently "first learned that [Defendant] Central States relied on Great West Casualty Company and GA Consultants, Inc. for training, advice, and recommendations with respect to safety and regulatory compliance, including hiring, training, and supervision of Central States truck drivers."  (Doc. 25, at ¶ 10; *see also* Doc. 24, at ¶¶ 5-8.)  Plaintiff states that prior to the January 27, 2010, depositions, "there was no indication from the documents produced before the

depositions that Great West or GA Consultants had responsibility for safety policies and regulatory compliance at Central States." (Doc. 25, at ¶ 13.) Plaintiff did not delay in taking the depositions at issue. (*Id*., at ¶ 14.)

Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 24) seeks permission to assert negligence claims against Great West and GA Consultants based on the January 27, 2010, deposition testimony of witnesses Lisa Moubry and John McGuire. (*Id*., at ¶ 10; Doc. 25, at 15.) Plaintiff further requests the Scheduling Order be suspended or extended to allow her time to "conduct additional discovery with respect to these new claims against Great West and GA Consultants in order to properly identify needed experts and the scope of expert testimony on such newly discovered claims." (Doc. 25, at ¶ 16.)

## DISCUSSION

"If a respondent fails to file a response within the time required by Rule 7.1(b), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." **D.Kan. Rule 7.4**. As stated previously, Defendants have not filed a response to either of Plaintiff's motions and the time to do so has expired. Because the Motion to Amend (Doc. 24) does not specifically implicate Defendant, however, the Court is compelled to review the motion on its merits.

Fed. R. Civ. P. 15(a) provides that leave to amend "**shall be freely given** when justice so requires." (Emphasis added.) In the absence of any apparent or declared reason, such as undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment, leave to amend should, as the rules require, be freely given. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Plaintiff's motion to amend is also a motion to perform an act out of time as the Scheduling Order's deadline to amend expired on June 30, 2009. (Doc. 7, at 6.) Accordingly, the Court must treat Plaintiff's motion as a motion to amend the Scheduling Order to allow a late filing of an amended complaint. *See Denmon v. Runyon*, 151 F.R.D. 404, 407 (D. Kan. 1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standard of "good cause" under Fed. R. Civ. P. 16(b)).

Fed. R. Civ. P. 16(b) provides that the Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the . . . magistrate judge." To establish "good cause" the moving party must show that the scheduling order's deadline could not have been met with diligence. *Denmon*, 151 F.R.D. at 407. The Court is satisfied by Plaintiff's uncontested factual summary that she

4

acted in a diligent manner in regard to the events at issue. She did not discover the relevant information until depositions on January 27, 2010, and subsequently filed the present motion in a timely manner. As such, Plaintiffs' motion is both unopposed and facially valid. The Court, therefore, **GRANTS** Plaintiffs' Motion for Leave to File First Amended Complaint. (Doc. 24.)

Because the Court is allowing Plaintiff to amend her Complaint, it is appropriate for the Court to also grant her Unopposed Motion to Suspend and/or Extend Scheduling Order Deadlines Pending Addition of New Defendants (Doc. 25.) Given Plaintiff's request to add two new Defendants, she could not have been expected to meet her recently expired expert deadline of February 19, 2010. (*See* Doc. 23.) The Court agrees that she will need additional time to "conduct additional discovery with respect to these new claims against Great West and GA Consultants in order to properly identify needed experts and the scope of expert testimony on such newly discovered claims." (Doc. 25, at ¶ 16.)

As such, Plaintiff has established "good cause" and the Court **GRANTS** her motion (Doc. 25), and VACATES all remaining deadlines contained in the Scheduling Order (Doc. 7) and/or its revisions (Docs. 15, 23). Following filing and service of Plaintiff's First Amended Complaint (Doc. 24-1) on the new Defendants and the filing of their answers, the Court will set an additional

scheduling conference to consider all deadlines leading up to trial.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 24) is **GRANTED**. Plaintiff shall file her Amended Complaint in the form attached to her motion (Doc. 24-1) within fourteen (14) days of the filing of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion to Suspend and/or Extend Scheduling Order Deadlines Pending Addition of New Defendants (Doc. 25) is **GRANTED**. The Court's current Scheduling Order and all other outstanding deadlines are hereby VACATED, pending a scheduling conference to occur following filing and service of Plaintiff's First Amended Complaint (Doc. 24-1) on the new Defendants and the filing of their answers.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas on this 26th day of March, 2010.

           s/ Donald W. Bostwick
           DONALD W. BOSTWICK
           United States Magistrate Judge