IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHERYL BRUTON, ON BEHALF OF THE
HEIRS-AT-LAW OF ROBERT D.
BRUTON, DECEASED,

    *Plaintiff*,

vs.

Case No. 09-1024-EFM

CENTRAL STATES TRANSPORTATION,
INC., et al.,

    *Defendants.*

**MEMORANDUM AND ORDER**

This negligence case arises out of an automobile accident in which Robert Bruton was killed. Before the Court is Defendant GA Consultant Inc.'s Motion for More Definite Statement (Doc. 32) and Defendant Great West Casualty Company's Motion for More Definite Statement or in the alternative Motion to Dismiss (Doc. 35). For the following reasons, Defendant GA Consultant's motion is denied, and Defendant Great West's motion is denied in part and granted in part.

**I. Factual and Procedural Background**[1]

Plaintiff Sheryl Bruton, on behalf of the heirs-at-law of Robert D. Bruton, filed an amended complaint on March 30, 2010, which added Great West Casualty Company and GA Consultants, Inc.

---

[1] For the purposes of this Order, the Court assumes the truth of these facts.

as Defendants.[2] Plaintiff alleges that a tractor/trailer rig crossed the center line and hit Robert Bruton's vehicle head-on, causing severe injuries resulting in his death. Plaintiff alleges that Defendant Edward Wiley, an employee of Defendant Central States Transportation, is liable because he breached the legal duty he had to exercise the highest degree of care while operating the tractor/trailer rig. In addition, Plaintiff alleges that Defendant Central States breached its duty by failing to exercise the degree of care in their hiring, retaining, supervising, educating, training, and instructing Defendant Wiley on the safe operation of tractor/trailer rigs.

Plaintiff further alleges that Defendants Great West and GA Consultants provided services and training to Central States and Wiley, including conducting safety meetings with Central States' safety personnel and its truck drivers. These Defendants are alleged to have provided training, advice and recommendations with respect to Central States' hiring, training, supervision and retention of commercial truck drivers, including Defendant Wiley. Plaintiff alleges that Defendants failed to exercise reasonable care in performing their training, and this failure resulted in Richard Bruton's death.

Both Defendant Great West and GA Consultants filed a Motion for More Definite Statement. Great West's motion is in the alternative a Motion to Dismiss.

## II. Legal Standard

### A. Motion for More Definite Statement

Pursuant to Fed. R. Civ. P. 12(e), "[a] party may move for a more definitive statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response." "A motion for a more definitive statement should not

---

[2] The first Complaint was filed on February 3, 2009.

be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission."[3] Generally, 12(e) motions are disfavored by the courts due to the minimal pleading requirements of the Federal Rules.[4] The parties should obtain additional details with respect to claims through the discovery process.[5] "Rule 12(e) is designed to strike at unintelligible pleadings rather than pleadings that lack detail."[6]

### B. Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[7] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[8] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[9]

In determining whether a claim is facially plausible, the court must draw on its judicial

---

[3] *Creamer v. Ellis Cnty. Sheriff Dep't*, 2009 WL 484491, at *1 (D. Kan. Feb. 26, 2009).

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

[8] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[9] *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

experience and common sense.[10] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[11] Allegations that merely state legal conclusions, however, need not be accepted as true.[12]

### III. Analysis

Both Defendant GA Consultants Inc. and Great West Casualty Company filed a Motion for More Definite Statement. They argue that Plaintiff's complaint is not specific enough for them to know what is being asserted against them. They contend that there is no specific what, where, who, and how. Because the complaint is not specific enough, they assert that they cannot appropriately answer.

The Court finds that Plaintiff has sufficiently stated a claim against both of these Defendants. Upon review of Plaintiff's complaint, it provides that both Defendants provided training and services to Defendant Central States. This includes Defendant Great West auditing Central States' compliance with Federal Motor Carrier Safety Regulations governing hiring and training. This also includes GA Consultants providing training, advice and recommendation with respect to Central States' hiring, training, supervision and retention of commercial truck drivers, including Defendant Wiley.

In addition, Plaintiff alleges that both Defendants provided training, advice, and recommendations to Central States and they knew or should have known that such training and services were necessary for the protection of the motoring public, including Robert Bruton.

---

[10]*Iqbal*, 129 S.Ct. at 1950.

[11]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[12]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Plaintiff alleges that Defendant Central States and Defendant Wiley relied on the training from Defendant Great West and GA Consulting. As a result of Defendants' alleged negligent training and providing of services, Plaintiff asserts that Robert Bruton received injury. While there are no specific dates or specific identification of the training, there are sufficient allegations to put Defendants on notice of Plaintiff's claims. As such, the Court finds that the claims are sufficiently identified such that Defendants can respond to them. Accordingly, Defendant GA Consultants' Motion for More Definite Statement and Defendant Great West's Motion for More Definite Statement are denied.

Defendant Great West's motion is in the alternative a Motion to Dismiss.[13] Here, although the complaint lacks a great amount of specificity, as noted above, there are sufficient allegations to put Defendant on fair notice of the claims against it. Plaintiff has stated a plausible claim that because of Defendant Great West's alleged failure to exercise reasonable care in performing the training of Defendant Central States, or its employee Defendant Wiley, Robert Bruton was injured. As such, the Court declines to dismiss this claim against Defendant Great West.

Defendant, however, argues that even if the Court does not dismiss the entire claim against it, Plaintiff's request for punitive damages must be dismissed. Plaintiff's prayer for relief seeks "a sum in excess of $75,000.00 in punitive damages . . . ." Defendant argues that more specific

---

[13]Both Plaintiff's response and Defendant Great West's reply attached several exhibits which would require the Court to convert Defendant's motion to one for summary judgment if the Court considered those documents in making its decision. In deciding this motion, the Court only considered the pleadings and did not consider the attached exhibits.

In addition, Defendant Great West asserts that it is an insurer and discusses in detail the applicability, or inapplicability, of the Restatement (Second) of Torts § 324A, to an insurer's underwriting activities in the context of this case. Defendant's motion would require the Court to go beyond the pleadings because although Defendant Great West appears to be a liability insurance company, there is nothing in the complaint to so indicate.

allegations are necessary in the complaint because of the punitive nature of punitive damages.[14] In addition, Defendant asserts that Kansas law does not allow punitive damages in wrongful death actions.

It is well established in Kansas that punitive damages are not allowable in a wrongful death action.[15] To the extent Plaintiff is seeking punitive damages on her wrongful death claim, Defendant's motion to dismiss is granted.

**IT IS ACCORDINGLY ORDERED** that Defendant GA Consultant Inc.'s Motion for More Definite Statement (Doc. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Great West Casualty Company's Motion for More Definite Statement or in the alternative Motion to Dismiss (Doc. 35) is **DENIED IN PART and GRANTED IN PART.**

**IT IS SO ORDERED.**

Dated this 17th day of February, 2011.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[14] Plaintiff does not respond to Defendant's argument with respect to punitive damages.

[15] *Smith v. Printup*, 254 Kan. 315, 333-35, 866 P.2d 985, 989-99 (1993); *see also Lake v. Res-Care Kansas, Inc.*, 2002 WL 32356436, at *1 (Kan. 2002).